SWAN VIEW COALITION, INC.; **Friends of the Wild Swan Wildlands Center for Preventing Roads; Alliance for the Wild Rockies, Plaintiffs—Appellants,**

v.

Cathy **BARBOULETOS; Flathead National Forest Supervisor; Brad Powell, Region One Regional Forester; Dale Bosworth, U.S. Forest Service Chief; U.S. Fish & Wildlife Service, Defendants—Appellees.**

No. 07–35065.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2008.

Filed Jan. 6, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Jack R. Tuholske, Missoula, MT, for Plaintiffs–Appellants.

Allen M. Brabender, Jeffrey S. Dillen, Charles R. Scott, Jennifer L. Scheller, DOJ–U.S. Department of Justice, Washington, DC, Mark S. Smith, USBI–Office of the U.S. Attorney, Billings, MT, for Defendants–Appellees.

Before: BERZON and CALLAHAN, Circuit Judges, and WRIGHT *, District Judge.

## MEMORANDUM **

Plaintiffs, collectively referred to as "Swan View," appeal the district court's grant of summary judgment in favor of the agency defendants. At issue is the appli-

cation of the National Forest Management Act ("NFMA") to the travel-management actions taken pursuant to the Moose Post–Fire Project in the Flathead National Forest. Swan View contends that the Moose Post–Fire Project's allowance of increased motorized vehicle use on lands in grizzly bear territory conflicts with the Flathead Forest Plan's directive that the Forest Service "favor the needs of the grizzly bear when grizzly habitat and other land use values compete."

We review de novo a district court's grant of summary judgment on a NFMA claim. *Native Ecosystems Council v. U.S. Forest Serv.*, 418 F.3d 953, 960 (9th Cir. 2005). The Court's review of agency action is governed by the Administrative Procedure Act ("APA"). *Id.* Under the APA, reviewing courts cannot set aside agency action unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). In deciding "whether an agency's action is arbitrary or capricious, we 'must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" *Forest Guardians v. U.S. Forest Serv.*, 329 F.3d 1089, 1097 (9th Cir.2003) (citation omitted). We "may not substitute our judgment for that of the agency." *Id.*

The Interagency Grizzly Bear Guidelines ("Guidelines"), which are incorporated into the Flathead Forest Plan, require that in Management Situation 1 habitats, the Forest Service's "[m]anagement decisions will favor the needs of the grizzly bear when grizzly habitat and other land

---

* This case was argued before Ferguson and Callahan, Circuit Judges and the Hon. Otis D. Wright II, District Judge for the Central District of California, sitting by designation. Following Judge Ferguson's death, Judge Berzon was substituted for Judge Ferguson. Judge

Berzon has read the briefs, reviewed the record, and listened to the oral argument.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

use values compete." In addition, the Guidelines state that "[l]and uses which can affect grizzlies and/or their habitat will be made compatible with grizzly needs or such uses will be disallowed or eliminated." The Forest Plan defines "competitive use" to "encompass[ ] all factors that lead eventually to increased negative impact of human activity on grizzly populations."

The district court recognized that whether the Forest Service's travel-management actions were arbitrary and capricious depends upon whether the agency complied with the Flathead Forest Plan's mandate that, in Management Situation 1 habitats, the needs of grizzly bears take precedence when "other land use values compete," with the burden on Swan View to establish that the agency actions did not adequately take this requirement into account. The district court erred, however, in applying a standard of its own making to resolve the question; it held that "so long as the competing uses do not pose a demonstrable and significant biological threat to the grizzly bears or their habitat," the needs of the grizzly bears and the other uses do not "compete" for purposes of the Forest Plan. This definition of "competing uses" does not appear in either the Forest Service's Final Environmental Impact Statement ("FEIS") or its Record of Decision ("ROD"). Indeed, the Forest Service did not adopt *any* standard in either the FEIS or the ROD for evaluating when land uses "compete" within the meaning of the Forest Plan, or even acknowledge the requirement. We therefore conclude that the district court's grant of summary judgment to the agency defendants on this point was in error. As the Service did not adequately consider a factor relevant to its compliance with the Forest Plan, its decision cannot stand. *See Lands Council v. Powell,* 395 F.3d 1019, 1026 (9th Cir.2005) ("An agency's action is arbitrary and capricious if the

agency fails to consider an important aspect of a problem[.]") (citing *Motor Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut. Automobile Ins. Co.,* 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)).

Therefore, we vacate the district court's decision so that the district court can issue an appropriate order, including remanding this case to the Forest Service so that the Service may establish and apply a standard for evaluating when land use values "compete" with grizzly bears' needs within the meaning of the Forest Plan. *See Native Ecosystems Council v. U.S. Forest Serv.,* 418 F.3d 953, 962–64 (9th Cir.2005) (holding that the Forest Service's EIS failed to demonstrate that the proposed project complied with the applicable Forest Plan requirements, and remanding to the Forest Service to fix the error). The district court should direct the Forest Service to apply its standard to both the decision to reopen the disputed portions of Road 316 and the decision to leave intact ten culverts in otherwise decommissioned roads. With respect to both decisions, the record could support a finding of competing uses, depending on the standard the Forest Service adopts and applies.

VACATED AND REMANDED.

CALLAHAN, Circuit Judge, concurring in part and dissenting in part:

I agree that the case must be remanded to the Forest Service to more clearly articulate its standard for evaluating when grizzly bears' needs compete with land use values under the Flathead Forest Plan. However, because on this record it appears that leaving the ten culverts alone would be consistent with the Interagency Grizzly Bear Guidelines under any standard, I agree with the district court that the Forest Service's action regarding the

culverts was not "arbitrary and capricious," and should be affirmed.